IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| SUPERVALU INC., a Delaware Corporation, and NEW ALBERTSON'S, INC., a Delaware Corporation, | ) ) ) ) ) | Case No. CV-06-329-S-BLW **MEMORANDUM DECISION AND ORDER** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| EXECUTIVE DEVELOPMENT SYSTEMS, INC., a Texas Corporation, and ED FOREMAN, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Defendant's Motion to Dismiss, or in the alternative, to Stay (Docket No. 9) and Plaintiffs' Motion to Enjoin (Docket No. 16). The Court heard oral argument on the motions on January 9, 2007 and now issues the following decision.

## ANALYSIS

### I.     First-to-File Rule

Generally, the first-to-file rule provides that "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction

**Memorandum Decision and Order - 1**

should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). The first-to-file rule "should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dep't. of the Army*, 611 F.2d 738, 750 (9th Cir. 1979). In applying the rule, a court looks at three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Z-Line Designs, Inc. v. Bell'O Intern, LLC*, 218 F.R.D. 663, 665 (N.D.Cal. 2003); *see also Altrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).

Supervalu and New Albertson's, Inc. ("Plaintiffs") filed their complaint on August 22, 2006, and Executive Development Systems, Inc. ("EDS") and Foreman (collectively "Defendants") filed their complaint on October 6, 2006. Thus, it is clear that Plaintiffs filed their complaint in this case before Defendants filed their complaint in the Texas case.

It is also clear that the two actions are substantially similar with respect to parties and issues. "The parties in the two actions need not be identical for purposes of the first-to-file rule, but there must be similarity or substantial overlap." *Gen. Prods. Mach. Shop, Inc. v. Systematic* Inc., 2006 WL 2051737, *1 (D. Idaho 2006) (citing *Walker v. Progressive Cas. Ins. Co.*, 2003 WL 21056704,

**Memorandum Decision and Order - 2**

*2 (W.D.Wash., 2003).[1]  Here, the parties in both cases are the same, except that

Foreman is an additional defendant in this case, and EDS sued Albertson's LLC

instead of New Albertson's in the Texas case.

The addition of Foreman does not destroy the similarity in parties because

Foreman is a co-founder, co-owner and CEO of EDS.  Moreover, Foreman was

heavily involved in the development of the programs referenced in the disputed

contracts as well as the negotiation and signing of the contracts.  Likewise, the fact

that EDS sued Albertson's LLC instead of New Albertson's in the Texas case does

not destroy the similarity in parties.  Albertson's and EDS were the original parties

to the contracts.  Supervalue and its wholly-owned subsidiary, New Albertson's,

acquired the rights and obligations under the contracts.  Accordingly, there is

similarity and substantial overlap in the parties, and the Court finds that the cases

involve the same parties for purposes of the first-to-file rule.

---

[1] The idea that the parties need not be identical also finds support in _Colorado River Water Conservation District v. United States_, 424 U.S. 800 (1976), where the Supreme Court stated that circumstances permitting a federal court to defer to another federal court are broader than circumstances justifying federal court deferral to a state proceeding.  Similarly, the Ninth Circuit has not required that parties or issues be identical in order to justify federal court deferral to a state action. _See, e.g., Nakash v. Marciano_, 882 F.2d 1411, 1416 (9th Cir.1989).  It follows that it is proper for a federal district court to defer to another federal district court where the parties and issues are not exact, but substantially similar.  This reasoning is also supported by the fact that the first-to-file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." _Pacesetter_, 678 F.2d at 95.

**Memorandum Decision and Order - 3**

In determining whether the cases involve the same issue, "it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree." *Gen. Prods. Mach. Shop, Inc. v. Systematic* Inc., 2006 WL 2051737, *2 (D. Idaho 2006) (citing *California Sec. Co-Op, Inc. v. Multimedia Cablevision, Inc.*, 897 F.Supp. 316, 317-18 (E.D.Tex.,1995) (internal quotations and citations omitted). "The cases need not be identical to be duplicative." *Id.*

The two actions here involve essentially the same subject matter. In this case, Plaintiffs seek a declaratory judgment relieving them from any further obligation under the three contracts. In the Texas case, Defendants seek damages for alleged breach of the same three contracts. Although Defendants also seek redress under Texas common law in the Texas case, that is not enough to conclude that the cases are not similar. The same set of general facts will apply to a determination of whether there has been a violation of Texas common law as will apply to a determination of whether the contracts were breached. "The form of relief sought does not determine the similitude of the issues." *Isle Capital Corp. v. Koch Carbon, Inc.*, 2006 WL 823186, *3 (N.D. Cal. 2006). Thus, the cases involve the same issue for purposes of the first-to-file rule.

**Memorandum Decision and Order - 4**

**II.     Exceptions to the First-to-File Rule**

"[T]he first-to-file rule is not a rigid or inflexible rule to be mechanically applied . . . rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95.  "Circumstances and modern judicial reality . . . may demand that we follow a different approach from time to time." *Church of Scientology*, 611 F.2d at 750.  Thus, "[w]here the threshold factors of the first-to-file rule are met, a district court nonetheless has the discretion to dispense with the rule for reasons of equity."  *Alltrade, Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 625-626 (9th Cir. 1991).  The typical circumstances under which an exception to the first-to-file rule applies include bad faith, anticipatory suit, and forum shopping.  *Id.* at 628; *see also Isle Capital Corp. v. Koch Carbon, Inc.*, 2006 WL 823186, *3 (N.D. Cal. 2006).

"Anticipatory suits are found when the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent, and are viewed with disfavor as examples of forum shopping and gamesmanship."  *Xoxide, Inc. v. Ford Motor Co.*, 448 F.Supp.2d 1188, 192-93 (C.D.Cal. 2006) (internal quotations and citations omitted).  "In addition, where . . . a declaratory judgment action has been triggered by a cease and desist letter that both seeks settlement and notifies the party of the possibility of litigation upon

collapse of negotiations, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first." *Id.* (internal quotations and citations omitted).  A court may, in its discretion, dismiss the first-filed action when it identifies these circumstances. *Id.*

In this case, during and after the mergers and acquisitions related to the Albertson's entities, the parties spent several months discussing alternatives to fulfilling the contracts.  Then, on August 11, 2006, when it became "increasingly apparent [to Defendants] that [Plaintiffs] were not going to continue the program," Defendants sent Plaintiffs a letter requesting payment for the cancelled classes. (Foreman Aff., Ex. 13).  However, the letter did not specifically mention a potential law suit, let alone give specific, concrete indications that a suit was imminent.

Plaintiffs then filed suit on August 22, 2006.  Plaintiffs failed to inform Defendants that they had filed suit, and settlement negotiations continued for approximately six more weeks.  (Foreman Aff.).  Defendants then filed their complaint in Texas on October 6, 2006.

As the parties are aware, this Court has stated that a mere hint of bad faith, anticipatory suit, and forum shopping does not amount to enough evidence to dispense with the first-to-file rule.  Moreover, the Court cannot construe the bad

**Memorandum Decision and Order - 6**

faith requirement so broadly as to eviscerate a party's right to seek declaratory judgment.  Here, the Court concludes that Plaintiffs actions can easily be construed as good faith efforts to settle the dispute.  There is simply insufficient evidence of bad faith, anticipatory suit, and forum shopping to dispense with the first-to-file rule.

Accordingly, the Court finds that the first-to-file rule applies, and the Court will deny Defendants' Motion to Dismiss.  In turn, the Court will deem moot Plaintiffs' Motion to Enjoin because Defendants' counsel stated that Defendants will dismiss the Texas case if and when this Court denies their Motion to Dismiss.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or in the alternative, to Stay (Docket No. 9) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Enjoin (Docket No. 16) shall be, and the same is hereby, DEEMED MOOT.

DATED:  **January 12, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 7**